UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKY MAYNARD | CIVIL ACTION |
| VERSUS | NO: 08-4796 |
| TARGET CORPORATION, ET AL. | SECTION: "S" (4) |

## OPINION

Plaintiff, Vicky Maynard ("Maynard"), has filed an appeal from the magistrate judge's order denying her motion for leave to file her first supplemental and amended complaint (Doc. #51). For the reasons that follow, the ruling of the magistrate judge is **AFFIRMED**.

## BACKGROUND

This matter comes before the court on Maynard's appeal of the magistrate judge's ruling denying her motion for leave to file her first supplemental and amended complaint. Maynard appeals the magistrate judge's ruling that denied her motion for leave to file an amended complaint that would add a party who would destroy diversity subject matter jurisdiction.

Maynard, a Louisiana citizen, filed this action against Target Corporation ("Target"), a Minnesota citizen, Robert Davis ("Davis"), a Louisiana citizen, and John Doe, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that she was injured when a microwave oven fell from a high shelf onto the basket she was pushing while she was shopping in

Target in Harvey, Louisiana. Davis was the manager of the Target, and John Doe was the unidentified employee who allegedly caused the microwave oven to fall.

Target removed the action to the United States District Court for the Eastern District of Louisiana alleging that the court had diversity subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. Target alleged that the Louisiana defendant, Davis, was improperly joined because he was not involved in the accident. Maynard did not file a motion to remand based on Davis' citizenship.

During the course of discovery, Maynard discovered that "John Doe" is a former Target employee, Brittani Perry ("Perry"). Although the parties dispute when Maynard knew, or should have known, Perry's identity and citizenship, it is undisputed that by March 26, 2009, Maynard did know. On February 22, 2010, Maynard filed a motion for leave to file her first supplemental and amended complaint seeking to add Perry as a defendant. The magistrate judge denied Maynard's motion, finding that Maynard was dilatory in seeking the amendment because she waited almost a year from the time she knew Perry's identity to the time she sought the amendment, and that Maynard would not be prejudiced if Perry is not added as a defendant because Maynard did not make any allegations regarding, or identify any basis for establishing, liability against Perry individually.

## ANALYSIS

1.  **Plaintiff's Appeal of the Magistrate Judge's Ruling**

    A.  **Legal Standard**

    An order issued by a magistrate judge concerning nondispositive pretrial matters is reviewed by the district court under the clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir. 1992); 28 U.S.C.A. § 636(b)(1)(A) (West 2009).

    Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion on whether to grant or deny leave to amend. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). A court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005) (quoting Foman v. Davis, 83 S.Ct. 227, 230 (1962)).

    When a case has been removed from state court, and "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). Further, in this situation, the court "should scrutinize the amendment more closely than an ordinary amendment" and "leave should be denied unless there exist strong equities in favor." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Also, the court should consider the following factors: (1) the extent

3

to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. Id. Leave should be granted when joinder of the non-diverse party will facilitate a just and efficient resolution of the suit, but denied if the joinder is sought only to defeat diversity. Id.

### B. Plaintiff's Appeal of the Magistrate Judge's Ruling

The magistrate judge employed the Hengens factors and denied Maynard's motion for leave to file her first supplemental and amended complaint. The magistrate judge found that Maynard's admitted purpose in seeking the amendment was to destroy diversity jurisdiction. The magistrate judge also found that Maynard was unreasonably dilatory in seeking the amendment because she knew Perry's identity by March 26, 2009, and waited almost a year to seek to add Perry as a defendant. Additionally, the magistrate judge found that Maynard would not be significantly harmed if Perry were not added as a defendant because Maynard did not allege that Perry was liable in her individual capacity.

Maynard appeals the magistrate judge's ruling, arguing that she must be permitted to add Perry as a defendant because Perry's citizenship should have been considered for diversity purposes when Perry was named as "John Doe," because Perry's identity was ascertainable based upon the allegations in the petition. Maynard argues that the magistrate judge improperly applied the Hensgens factors and should have followed the reasoning of Thompkins v. Lowe's Home Center, Inc., 847 F.Supp. 462 (E.D. La. 1994).

4

In Thompkins, the plaintiff was injured while shopping in a Lowe's home improvement store when an unidentified employee knocked a steel pipe from a shelf onto plaintiff's toe. Plaintiff filed suit against Lowe's, its unidentified insurer, and the unidentified employee, i.e. "John Doe", in the state court. Lowe's removed the action to the United States District Court for the Eastern District of Louisiana. Plaintiff later discovered the identity of the employee, and amended his complaint to substitute "John Doe" with the employee's name. Lowe's did not oppose the motion. Plaintiff then filed a motion to remand, arguing that the substitution of the employee for "John Doe" destroyed diversity. Lowe's opposed the motion to remand, arguing that pursuant to the removal statute, 28 U.S.C. § 1441, the citizenship of defendants sued under fictitious names is disregarded for purpose of removal. The court, relying on Green v. Mutual of Omaha, 550 F.Supp. 815, 818 (N.D. Cal. 1982), held that the unidentified employees citizenship should have been considered for removal purposes because "plaintiffs' allegations [gave] a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent." Therefore, Maynard argues that the magistrate judge should have permitted the amendment to add Perry, and remanded the action because Maynard's petition gave definite clues as to Perry's identity.

The court finds that the magistrate judge was not clearly erroneous in applying the Hensgens factors, rather than the reasoning of Thompkins, in considering Maynard's motion for leave to file her first supplemental and amended complaint. The United States Court of Appeals for the Fifth Circuit has explained that the factors set forth in Hensgens are the proper considerations for whether to permit a plaintiff to join an additional defendant whose joinder would destroy subject matter jurisdiction. Further, the magistrate judge was not clearly erroneous in finding that Maynard was

dilatory in seeking the amendment, or that Maynard would not be prejudiced by not being permitted to add Perry as a defendant.

Additionally, the matter should not be remanded based on Perry's Louisiana citizenship. Perry is named as "John Doe." The removal statute, 28 U.S.C. § 1441, states: "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Thompkins states that the citizenship of "John Doe" defendants should be considered in some circumstances. However, in so holding, Thompkins relies upon a district court decision from 1982. The removal statute was amended in 1988, to add the provision instructing courts to disregard the citizenship of defendants sued under fictitious names for removal purposes. Therefore, Thompkins is inapplicable, and Perry's citizenship should be disregarded for removal purposes.[1] Hence, the ruling of the magistrate judge denying plaintiff's motion for leave to file her first supplemental and amended complaint was not clearly erroneous.

## CONCLUSION

**IT IS HEREBY ORDERED** that Maynard's appeal from the magistrate judge's order denying her motion for leave to file first supplemental and amended complaint is **DISMISSED**, and the ruling of the magistrate judge is **AFFIRMED**.

---

[1] Other sections of this court have also found that the plain language of the removal statute does not permit the exception described in Thompkins. See Thompson v. ZC Sterling Ins. Agency, Inc., 2007 WL 1098883 (E.D. La. 4/11/2007) (J. Aftick); Whiddon v. Wal-Mart Stores, Inc., 2005 WL 14912 (E.D. La. 1/3/2005) (J. Vance).

6

New Orleans, Louisiana, this __3rd__ day of June, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**