UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICKY MAYNARD                                              CIVIL ACTION

VERSUS                                                     NO: 08-4796

TARGET CORPORATION, ET AL.                                 SECTION: "S" (4)

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Certification to Appeal an Interlocutory Order (Doc. #74) is **DENIED**.

**BACKGROUND**

This matter comes before the court on a motions for authority to appeal to the United States Court of Appeals for the Fifth Circuit the ruling of the court that prohibited plaintiff, Vicky Maynard ("Maynard") from amending her complaint to add Brittani Perry ("Perry") as a defendant (Doc. #64). Maynard contends that she should be permitted to file an interlocutory appeal of the court's ruling because there is a controlling question of law as to which there is a substantial ground for difference of opinion.

Maynard, a Louisiana citizen, filed this action against Target Corporation ("Target"), a Minnesota citizen, Robert Davis ("Davis"), a Louisiana citizen, and John Doe, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that she was injured when a

microwave oven fell from a high shelf onto the basket she was pushing while she was shopping at Target in Harvey, Louisiana. Davis was the manager of the Target, and John Doe was the unidentified employee who allegedly caused the microwave oven to fall.

Target removed the action to the United States District Court for the Eastern District of Louisiana alleging that the court had diversity subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. Target alleged that the Louisiana defendant, Davis, was improperly joined because he was not involved in the accident. Maynard did not file a motion to remand based on Davis' citizenship.

During the course of discovery, Maynard discovered that "John Doe" is a former Target employee, Perry. Although the parties dispute when Maynard knew, or should have known, Perry's identity and citizenship, it is undisputed that by March 26, 2009, Maynard did know. On February 22, 2010, Maynard filed a motion for leave to file her first supplemental and amended complaint seeking to add Perry as a defendant. The magistrate judge analyzed the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Specifically, the magistrate judge considered: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. The magistrate judge denied Maynard's motion, finding that Maynard was dilatory in seeking the amendment because she waited almost a year from the time she knew Perry's identity to the time she sought the amendment, and that Maynard would not be prejudiced if Perry is not added as a defendant because Maynard did not make any allegations regarding, or identify any basis for

2

establishing, liability against Perry individually. Maynard appealed the magistrate judge's ruling. The district court affirmed the magistrate judge. Maynard now seeks leave to appeal the district court's decision to the United States Court of Appeals for the Fifth Circuit.

## ANALYSIS

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided however, that application for an appeal hereunder shall not stay proceedings in the district court unless this district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Pursuant to § 1292(b), the district court may "certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

Maynard argues that this matter should be certified for interlocutory appeal because there is a substantial ground for difference of opinion of whether Hegens factors apply when a plaintiff seeks to amend a complaint to add a defendant that was named as a "John Doe" defendant. Maynard contends that they should not because she did not seek to add a "new" defendant, but rather to supply a name for a "John Doe" defendant.

3

Maynard has not demonstrated that there is a controlling issue of law for which there is a substantial ground for difference of opinion. She seeks reexamination of the factual findings that she was dilatory in seeking the amendment and that she would not be prejudiced by not being permitted to add Perry as a defendant. Moreover, Maynard has not shown that immediate appeal will materially advance the ultimate termination of the litigation.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Certification to Appeal an Interlocutory Order (Doc. #74) is **DENIED**.

New Orleans, Louisiana, this   26th   day of August, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**