UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICKY MAYNARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4796** |
| **TARGET CORPORATION, ET AL.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Target Corporation and Robert Davis' Motion to Strike Report and Testimony of Plaintiff's Physical Science Consultant O. Franklyn Griffith, III (Doc. #96) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion *in Limine* to Exclude the Testimony of Bradley Probst (Doc. #102) is **DENIED**.

### BACKGROUND

Plaintiff, Vicky Maynard, filed this action against Target Corporation and Robert Davis in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that she injured her neck when a microwave oven fell from a high shelf onto the basket she was pushing while she was shopping in Target in Harvey, Louisiana. Davis was the manager of that Target.

Target removed the action to the United States District Court for the Eastern District of Louisiana alleging that the court had diversity subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. Target alleged that the Louisiana defendant, Davis, was improperly joined because he was not involved in the accident. Maynard did not file a motion to remand based on Davis' citizenship.

Defendants hired Bradley Probst to testify as a purported expert in biomedical engineering. Probst has a bachelor of science degree in mechanical engineering, a master of science degree in biomedical engineering and is a candidate for a doctorate degree in biomedical engineering. Probst has conducted research in soft tissue injury and has developed an advanced kinematic model of the human cervical spine. Probst issued an expert report in which he used mathematical calculations based on the weight of the shopping cart, its rolling resistance, the weight and size of the microwave box, Maynard's position, and her description of the accidents to determine the maximum amount of force on Maynard's body from a biomechanical standpoint. Probst concluded that the magnitudes and direction of the force were insufficient to produce an injury mechanism for the injuries Maynard claims resulted from the accident.

Maynard hired O. Franklyn Griffith, III, Ph.D. to testify as a purported expert in physical science. Griffith has a doctorate degree in physics. Griffith used mathematical calculations to analyze the accident and concluded that she responded to a sudden hazard with an emergency withdrawal response which demanded near maximum effort from the body to pull back the cart. He also concluded that a retarding impulse could develop resulting in a dynamic sudden increase in the load being moved or accelerated by Maynard's efforts to avoid the falling box. In his deposition,

Griffith clarified that he will testify about the forces involved, and a doctor will testify as to the cause of Maynard's injury.

Maynard and defendants have moved to strike the opposing parties' purported expert.

## ANALYSIS

A district court has discretion to admit or exclude expert testimony under the Federal Rules of Evidence. Gen. Elec. Co. v. Joiner, 118 S.Ct. 512, 515 (1997). Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert v. Merrell Dow Pharm., 113 S.Ct. 2786, 2795 (1993), the Supreme Court of the United States held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." To perform its gatekeeping function, the court must first determine whether the proffered expert testimony is reliable. The party offering the testimony bares the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 113 S.Ct. at 2796. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. See id. at

2795. Next, the court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence, i.e. whether it is relevant. See id. at 2795-96.

Rule 702 also requires that an expert be properly qualified. Generally, if there is some reasonable indication of qualifications, the court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact. Rushing v. Kansas City S. Ry. Co., 185 F.3d 496 (5th Cir. 1999). A witness qualified as an expert is not strictly confined to his area or practice, but may testify regarding related applications, rather "a lack of specialization does not affect the admissibility of the opinion, but only its weight." Wright v. John Deere Co., 935 F.2d 1090, 1100 (10th Cir. 1991).

Probst's and Griffith's testimony is reliable and relevant. They provide opinions that are based upon their experience, review of the evidence, and mathematical calculations that they are qualified to make. Also, their testimony is relevant because it will assist the jury in understanding the physics involved in this case.

Maynard and defendant both argue that their opposing parties' expert should be excluded because he did not inspect the shopping cart involved or the microwave box involved. They also argue that the opposing experts did not reconstruct the accident or supply a rate of error. These purported deficiencies and any others can be addressed by cross-examination, and the motions *in limine* are DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Target Corporation and Robert Davis' Motion to Strike Report and Testimony of Plaintiff's Physical Science Consultant O. Franklyn Griffith, III (Doc. #96) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion *in Limine* to Exclude the Testimony of Bradley Probst (Doc. #102) is **DENIED**.

New Orleans, Louisiana, this  20th  day of January, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**