UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICKY MAYNARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4796** |
| **TARGET CORPORATION, ET AL.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #119) is **GRANTED,** and the matter is **REMANDED** to the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

**IT IS FURTHER ORDERED** that Target Corporation's and Robert Davis' Rule 12(b)(6) Motion to Dismiss Claims Against Robert Davis for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #122) is **DENIED**.

### BACKGROUND

Plaintiff, Vicky Maynard, a Louisiana citizen, filed this action against Target Corporation, a Minnesota citizen, Robert Davis, a Louisiana citizen, and John Doe, in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that she was injured when a microwave oven fell from a high shelf onto the basket she was pushing while she was shopping at

Target in Harvey, Louisiana. Davis was the manager on duty at the time of the accident, and John Doe was the unidentified employee who allegedly pushed the microwave oven off of the shelf. Maynard alleges that Davis was negligent in: (a) failing to train employees to inspect the aisles; (b) failing to supervise employees while stocking merchandise; (c) failing to properly secure the shelves; (d) failing to properly train employees in the procedure of stacking merchandise on the top shelf; and, (e) failing to properly stack merchandise on the top shelf.

Target removed the action to the United States District Court for the Eastern District of Louisiana alleging that the court has diversity subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. Target alleges that the Louisiana defendant, Davis, was improperly joined because he was not personally involved in the accident. Target also argues that all of Maynard's allegations against Davis fall under Davis' general administrative responsibilities as manager, and thus are technical or vicarious fault for which he cannot be held personally liable.

Maynard filed a motion to remand, arguing that Davis was not improperly joined. Target and Davis filed a motion to dismiss Maynard's claims against Davis.

## ANALYSIS

**A.  Legal Standard for Motions to Remand**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 114 S.Ct. 192 (1993). Consent need

not be obtained from a co-defendant that the removing party contends is improperly joined. Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**2.      Improper Joinder**

Target and Davis claim that Davis' citizenship should be disregarded for purposes of establishing subject matter jurisdiction because Davis is improperly joined.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). The Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.
>
> \*   \*   \*
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants . . . [but if] . . . a plaintiff . . . has misstated or omitted discrete facts that would determine the propriety of joinder . . . the

>district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id.

The sole issue is whether Maynard is able to establish a cause of action against Davis in Louisiana state court. In <u>Canter v. Koehring Co.</u>, 283 So.2d 716, 722 (La. 1973), the Supreme Court of Louisiana stated as follows:

>The failure to act as required by the employment duty may deprive the third person of a protection owed him by the principal or employer, and such risk of harm because of the breach may have been reasonably foreseeable. Thus, the breach of the duty imposed by the employment or agency relationship may, under general tort principles, be actionable negligence because of the creation or maintenance thereby of an undue risk of harm to others.

An employee is liable to a third person damaged by reason of the breach of an employment-imposed duty under the following circumstances:

>1) The principal or employer owes a duty of care to the third person, . . . breach of which has caused the damage for which recover is sought.
>
>2) This duty is delegated by the principal or employer to the defendant.
>
>3) The defendant . . . employee has breached this duty through personal fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances–whether such failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
>4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the . . .

4

>employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.

Id. at 721.

Maynard was an invitee at Target, and thus was owed a duty of care. She alleges that a breach of this duty caused her injury. She also alleges that the duty was delegated to Davis as the manager on duty. Maynard alleges that Davis had a duty to ensure that the microwave ovens were properly secured on the shelves and to discover and repair any unsafe conditions. In his deposition, Joshua Parker, a Target employee who was in the vicinity of the accident, testified that the microwave ovens were stacked "very high." Plaintiff claims that Davis had a duty to discover this situation, that he did not exercise ordinary care in discovering it, and that his failure to do so caused her accident.

It is apparent that the practice of stacking the microwave ovens "very high" was the customary practice at this Target store. One can reasonably assume that the manager was aware of the practice and failed to remedy the dangerous situation although he was in a position to do so. This failure to act surpasses his general administrative responsibilities as manager.

Accordingly, Target and Davis have not demonstrated that there is no possibility of recovery by Maynard in a cause of action for negligence against Davis, an in-state defendant. The court lacks jurisdiction, Maynard's motion to remand is GRANTED, and the case is REMANDED to state court.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #119) is **GRANTED,** and the matter is **REMANDED** to the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

**IT IS FURTHER ORDERED** that Target Corporation's and Robert Davis' Rule 12(b)(6) Motion to Dismiss Claims Against Robert Davis for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #122) is **DENIED**.

New Orleans, Louisiana, this  31st   day of January, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**